UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

TED PERRY,                                           :

                Plaintiff,                 :

        -against-                                 :

ANDREW J. SPANO, COUNTY EXECUTIVE
THE COUNTY OF WESTCHESTER,

          Defendant.                 :
-----------------------------------------------------------------x

**RECEIVED**
APR 1 9 2006
U.S.D.C. S.D.N.Y.
CASHIERS

COMPLAINT AND
JURY TRIAL DEMAND

06  CV  3000

JUDGE KAPLAN

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended, and the Civil Rights Act of 1866, to correct unlawful employment practices on the basis of Race.

During his employment with the Westchester County, specifically with the Department of Parks and Recreation and Conservation in Westchester County, Plaintiff Ted Perry was subjected to severe and pervasive racial discrimination, as well as a hostile work environment. Said illegal discriminatory behavior continued through Mr. Perry's retirement due to work-related medical reasons.

Plaintiff has continually been disciplined and treated in a disparage fashion, due to his race. He was forced to work out of title since 1995 when he was required to perform tasks which had no relationship to his duties. He was docked for performing legitimate duties, such as jury duty, all the while white employees were given time off to go to court.

He was disciplined, while other white employees were not disciplined for the same or worse behavior. Said discrimination occurred solely because of Plaintiff's race, and amounted to a hostile environment

## JURISDICTION AND VENUE

1.     Jurisdiction of the Court is invoked pursuant to 28 U.S.C.A. §§ 1343 and 1343(4) and 42 U.S.C.A. § 1981; this being a proceeding seeking to enforce rights and remedies secured under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

3.     Jurisdiction is further invoked pursuant to 28 U.S.C. §§ 2261 and 2262, this being an action for Declaratory Judgment declaring illegal the acts of Defendant complained of herein.

## PARTIES

4.     Plaintiff, Ted Perry, is a 40-year-old African-American male born in New York State. Plaintiff resides in the Bronx County.

5.     Defendant is the County Executive of Westchester County. The County is a municipal corporation, incorporated in New York State. Defendant is being sued in his official capacity. The County of Westchester is a municipal corporation doing business in New York State and is responsible for implementing the County's employment policies

2

and regulatory practices.  Thus, they are ultimately responsible for the unlawful practices complained of herein.  They are being sued in their official corporate capacity as provided in 717(c), 42 U.S.C. § 2000e-16(c).

6.      Defendant is an employer in the meaning of Title VII of the Civil Rights Act as amended and is ultimately responsible for the unlawful practices complained of herein.

7.      At all relevant times, relevant to this action, Plaintiff was and is employed by the County of Westchester.  As such he is an employee in the meaning of Title VII.

## FACTS GIVING RISE TO RELIEF

1.      Plaintiff has been employed with the County of Westchester since 1989. Plaintiff was hired as a house keeper.  As of 1995 he has worked as out of title performing such duties as digging ditches, performing firefighter duties and any number of duties beyond those of a house keeper.

2.      Said conduct specifically increased when he was transferred to the Westchester County Department of Parks, Recreation and Conservation, after he was transferred from general maintenance.

3.      Starting in 1999, Plaintiff was subjected to a hostile work environment, where he was disciplined for minor infractions, when no other white individuals were disciplined for comparable conduct.  Said conduct continued up until 2003.

4.      On May 2, 2003, Plaintiff was still working out of title.  Specifically on that

3

date he was ordered to <u>lift several</u> concrete parking lot bumpers, which task he did perform. As a result Plaintiff injured his back. Upon his return to work on the following Monday, Plaintiff told his supervisor he was leaving and going out sick, because he could not work, because of Friday's injury.

5.      The supervisor became irate, and berated Plaintiff and told him he would be docked. Plaintiff was suspended even though he actually provided proof of injuries. No white individuals were ever treated in this fashion.

6.      Prior to that date, on November 8, 2002, Plaintiff was subpoenaed to answer a Jury Summons for jury duty in Bronx County. He reported as instructed and brought his summons to the Jury Clerk's Office.

7.      Plaintiff had taken off 3 ½ hours to comply with the instruction. Upon returning to work the next day he was disciplined and his pay docked, in spite of the fact he presented confirmation that he was at the jury clerk's performing this procedure.

8.      Plaintiff was given an official warning notice and given L.W.O.P. for 3.5 hours by his supervisor Robert Bates for complying with his summons.

9.      In May of 2003, when Plaintiff sought to transfer after this event he was denied a transfer.

10.      While Plaintiff was on the job, an individual by the name of Jason Aubery (white, male) had been hired by Westchester County Parks and Recreation. Mr. Aubery had several incidents such as being arrested for possession of drugs . . . which required

4

several court appearances.  He was given time off and was <u>never docked or harassed,</u>
<u>unlike Plaintiff</u>.

11.     In addition Mr. Aubery did not have a valid drivers licence; however, his
supervisors allowed him to drive County vehicles and kept him in his position even
though a licence was required.

12.     Other employees were asked to sign affidavits against Mr. Perry which they
refused to do.  All in an effort to harass Plaintiff and keep a hostile environment going.
Specifically Plaintiff was told by a deputy commissioner that he had to perform any task
he was given whether in or out of title, or he would be terminated.  No other white
employees were treated in this fashion.

13.     Plaintiff was denied his rights under Title VII of the Civil Rights as well as
the Civil Rights Act of 1866, as well as the Equal Protection Clause of the Fifth and
Fourteenth Amendments.

14.     Plaintiff pursued a complaint with the New York State Human Rights
Commission.  Plaintiff's complaint was given a "Determination and Order After
Investigation."  Plaintiff was mailed a Right to Sue Letter which he received on January
21, 2006.  Plaintiff timely files this law suit pursuant to the "Right to Sue Letter."

## CAUSE OF ACTION

## COUNT ONE

(For Racial Discrimination in Failing to Treat Plaintiff Equally, and Failing to
Treat Him Equally in Violation of the Civil Rights Act of 1866, 42 U.S.C.A. § 1981.)

5

15.    Plaintiff re-alleges the allegations of ¶¶ 1-14 and incorporate them by reference herein.

16.    Defendants, by their supervisors and managers, and other subordinate employees, undertook a course of discriminatory, retaliatory and harassing treatment against Plaintiff on the basis of his Race, as alleged herein, including but not limited to creating an intimidating, hostile, and offensive work environment.  These actions constitute Racial Discrimination, Violation of the Civil Rights Act of 1866, 42 U.S.C.A. § 1981.

17.    Defendant, by the supervisory and management staff employees of the County of Westchester, Department of Parks Recreation and Conservation, located in Westchester County, State of New York, undertook the actions alleged herein intentionally and in wanton disregard for Plaintiff's constitutional and statutory rights.

18.    These practices and employment policies unlawfully discriminated against Plaintiff with respect to the terms, conditions, and privileges of his employment based upon his race and ultimately caused him to be "discriminated" in his employment.

## CAUSE OF ACTION

### COUNT TWO

(Cause of Action for Discrimination in Discrimination of Employment in Violation of Title VII of the Civil Rights Act of 1964 as amended.  42 U.S.C.A. § 2000e-5(f) and 28 U.S.C.A. §§ 1231 and 1343(4).)

19.    Plaintiff re-alleges the allegation of ¶¶ 1-18 and incorporate them by

6

reference herein.

20.     Defendant, by their supervisors and managers undertook a course of discriminatory, retaliatory and harassing treatment against Plaintiff by continuing a policy or docking him when he was participating in Rights of Citizenship such as jury duty. Said taking of Plaintiff's money amounted to a deprivation of his property.  In addition, Plaintiff was written up and treated in an improper fashion.  In addition, the other white employees were given time off without being docked when they had to perform citizenship duties.

21.     In addition to having his property taken, Plaintiff was treated unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States and the State of New York.

22.     In addition to Plaintiff being discriminated on the basis of race, Plaintiff was forced to work out of title which eventually caused him to be injured on the job, by effectively injuring him and regulating him to an award of workmen's compensation and social security disability, which is less than Plaintiff would have made had he been properly working in his correct title.

23.     Said injury caused Plaintiff not to be able to work for the rest of his life, effectively denying him the ability to make money of his own choosing and regulating him to less monies he would have made had he worked in the correct title at the County.

24.     Furthermore, as a result of working out of title, Plaintiff also lost his ability

to participate in recreational activities.  All due to Defendant's racial discrimination.

25.     By engaging in the foregoing conduct Defendant has violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.A. § 2000e-5(f) and 28 U.S.C.A. §§ 1331 and 1343(4).

26.     By acting as described herein, Defendant acted with malice or reckless disregard for Plaintiff's rights causing Plaintiff to undergo an intimidation, hostile and offensive work environment causing Plaintiff monetary damages and emotional injuries and numerous other injuries.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all parties in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of Race.

B.     An order requiring the Defendant to pay Plaintiff for all illegal docking from his pay, damage to his reputation which prevented him seniority status, salary increments, bonuses and benefits to the same extent he would have received, but for Defendant's unlawful conduct.

C.     Order, the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for Americans of African extraction.

8

D.      Order, the County to make whole Ted Perry, by providing back-pay with pre-judgment and post-judgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, any promotion within Plaintiff's original title or front pay in lieu thereof.

E.      Award Plaintiff Compensatory Damages for past and future pecuniary losses and for non-pecuniary losses in the amount of $1.5 million.

F.      An award of punitive damages, for Defendant's outrageous conduct.

G.      Grant a reasonable attorney fees to Plaintiff, and the cost of his representation before the New York State Commission of Human Rights as required before commencing this proceeding.

H.      Award the Plaintiff his costs and expenses incurred in pursuing this action.

I.      Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all triable by jury.

Respectfully submitted,

PAMELA D. HAYES, ESQ.  (PH 2737)
200 West 57th Street, Suite 900
New York, New York 10019
(212) 687-8724 (telephone)
(212) 980-2969 (fax)
pdhayesesq@aol.com

*Attorney for Plaintiff*

DATED:    New York, New York
          April 18, 2006


TO:   Clerk of Court
      United States District Court
      Southern District of New York

      County of Westchester
      County Attorney's Office
      White Plains, New York

10

# EXHIBIT A

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  **Ted  Perry**<br>**2070 Bronx Park East  Apt. 2n**<br>**Bronx, NY 10462** | From:  **New York District Office - 520**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

☐        On behalf of person(s) aggrieved whose identity is
        CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No.<br><br>**16G-2003-02319** | EEOC Representative<br>**Joseph  Alvarado,**<br>**State & Local Program Manager** | Telephone No.<br><br>**(212) 336-3620** |
|---|---|---|

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability  as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐    While reasonable efforts were made to locate you, we were not able to do so.

☐    You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐    The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☒    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

JAN 1 7 2006

Enclosures(s)

**Spencer H. Lewis, Jr.,**
**Director**

(Date Mailed)

cc:    **WESTCHESTER COUNTY PARKS RECREATION**
**25 Moore Avenue**
**Mount Kisco, NY 10549**
**Att: Human Resource Director**