UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TED PERRY,

                      Plaintiff,

-against-

                      **STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1 (a)**

                      06 Civ. 3000(CM)

THE COUNTY OF WESTCHESTER,

                      Defendant.
------------------------------------------------------------x

       Defendant County of Westchester by its counsel, Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP, of counsel to Westchester County Attorney Charlene Indelicato as and for its Statement of Material Facts pursuant to Local Civil Rule 56.1(a) states as follows:

       1.    Ted Perry is an African American male born on September 3, 1965. **(Examination Before Trial of Ted Perry ("Perry Deposition") at p.5).**

       2.    The Plaintiff began his employment with the County of Westchester on June 6, 1988 as seasonal laborer in the Department of Parks Recreation and Conservation. **(Personnel Data Form, Perry Deposition at p.17).**

       3.    On July 25, 1988, the Plaintiff was promoted to a full-time position of Maintenance Laborer (Utility) Grade IV. The Plaintiff achieved permanent status in that position on October 17, 1988. **(Personnel Data Form).**

4.      The Plaintiff was promoted on June 22, 1992 to the position of Maintenance Mechanic II (Buildings) Grade VII. He achieved permanency in that position on December 21, 1992. **(Personnel Data Form and correspondence dated February 3, 1993 from Acting Commissioner Barry Samuel to Plaintiff).**

5.      On February 26, 1993, Plaintiff's title was reclassified to the position of Housekeeper Grade VII. **(Correspondence dated February 26, 1993 from Anthony J. Giambruno to Acting Commissioner Barry Samuel and March 3, 1993 Memorandum from Acting Commissioner Barry Samuel to Ted Perry).**

6.      Two other employees, Roger Emery and John Ponce had their titles reclassified to Housekeeper. **(April 8, 1993 Memorandum to Acting Commissioner Barry Samuel).**

7.      Ponce and Emery filed a grievance with their union regarding the reclassification. **(Official Contract Grievance Form).**

8.      The grievance by Ponce and Emery was upheld by the County's Classification and Compensation Appeals Board. **(March 3, 1994 correspondence and March 11, 1994 Memorandum).**

9.      On August 9, 1995, the Plaintiff was suspended without pay from his position pursuant to Section 75 of the New York State Civil Service Law. **(Correspondence dated August 8, 1995 from Commissioner Sal DeSantis to Ted Perry).**

10. On August 21, 1995, the Plaintiff was served a Notice of Hearing pursuant to Section 75 of the New York State Civil Service Law, along with a delineation of charges brought against him. **(August 21, 1995 correspondence from Commissioner DeSantis with charges)**.

11. On September 8, 1995, the Plaintiff was suspended with pay pending a decision from the Hearing Officer regarding a disciplinary proceeding involving Plaintiff's altercation with another employee. **(Personnel Transaction Form)**.

12. On October 23, 1995, the Plaintiff was suspended an additional thirty days without pay pursuant to the determination of the Hearing Officer. **(Correspondence dated October 26, 2005 from Commissioner Sal DeSantis to Ted Perry)**.

13. On November 24, 1995, the Plaintiff was reassigned from the Westchester County Center to the Division of General Maintenance of the Department of Parks Recreation and Conservation. **(November 21, 1995 correspondence from Commissioner DeSantis)**.

14. On October 5, 1999, the Plaintiff filed a complaint with the Westchester County Equal Employment Opportunity/Affirmative Action Office alleging that he was harassed on account of his race by Leonard Spano, then the Assistant Director of the Division of General Maintenance, Department of Parks Recreation and Conservation and Renato Maniscalco, a Foreman in the Division of General Maintenance, Westchester County Department of Parks Recreation and Conservation. **(Plaintiff's Complaint filed with**

Westchester County Equal Employment Opportunity/Affirmative Action Office, along with supplementary filing by Plaintiff detailing twenty-five alleged incidents of discriminatory conduct).

15. On February 16, 2000, the Westchester County Equal Employment Opportunity/Affirmative Action Office ("EEO/AA") issued a determination with regard to Plaintiff's Complaint. The EEO/AA Office did not find any evidence of racial discrimination or harassment as alleged by the Plaintiff. **(Determination of Westchester County Equal Employment Opportunity/Affirmative Action Office)**.

16. On May 23, 2000, the EEO/AA closed its file with regard to Plaintiff's Complaint. **(May 23, 2000 correspondence from Westchester County Equal Employment Opportunity/Affirmative Action Office)**.

17. On December 29, 2000, the Equal Employment Opportunity Commission received Plaintiff's Complaint dated June 2, 2000 alleging racial discrimination and retaliation. The Plaintiff alleged a continuing violation between August 2, 1999 and April 14, 2000. **(Plaintiff's Complaint dated June 2, 2000)**.

18. On May 17, 2001, the County served its response to Plaintiff's complaint. **(Defendant's response to Plaintiff's complaint)**.

19. On June 11, 2001, the EEOC issued a Dismissal and Notice of Rights Letter advising it, "has adopted the findings of the State or Local Fair Employment Practices Agency that investigated this charge." **(June 11, 2001 Dismissal and Notice of Rights**

**Letter).**

20.　The Plaintiff did not file a lawsuit against the County based upon his charge with the EEOC.

21.　On April 10, 2000, the Plaintiff was reassigned from the Division of General Maintenance to Croton Point Park. **(April 4, 2000 correspondence to Plaintiff).**

22.　On April 11, 2001, the Plaintiff was reassigned from Croton Point Park to the Bronx River Parkway Reservation. Robert Bates, Park Superintendent III was in charge of the Bronx River Parkway Reservation. **(Correspondence dated April 9, 2001 to Plaintiff).**

23.　On May 14, 2002, Plaintiff was issued a Warning Notice by his Supervisor Robert Bates when he, "publicly refused to do the work assigned to him and left work site without permission." **(Warning Notice and Incident Report).**

24.　On May 16, 2002, Plaintiff attended a Notice of Questioning regarding his actions on May 14. **(Memorandum re: Notice of Questioning).**

25.　On October 24, 2002, Plaintiff was issued a Warning Notice by his Supervisor Robert Bates for "time abuse." **(October 24, 2002 Warning Notice).**

26.　Plaintiff alleges in his complaint that on November 8, 2002, he appeared in the Bronx County Courthouse to answer a jury summons. **(Complaint at para. 6).**

27.　Plaintiff alleges that on the following work day, November 12, 2002, he was disciplined and had his pay docked for the time when he responded to the jury summons. **(Complaint at para. 7.).**

28. Plaintiff was not docked any time as a result of his court appearance on November 8, 2002. (**Plaintiff's Leave History**).

29. On November 25, 2002, Plaintiff was issued a Warning Notice from his Supervisor Robert Bates regarding Leave Without Pay (LWOP). Mr. Bates wrote, "Mr. Perry has used up all his time and continues to take off. On November 18, 2000 used 3 ½ hours LWOP. This is warning No. 2." (**November 25, 2002 Warning Notice**).

30. On December 30, 2002, Plaintiff was issued a Warning Notice by his Supervisor for his failure to produce a driver's license. (**December 30, 2002 Warning Notice**).

31. On January 24, 2003, Plaintiff was issued a Warning Notice by his Supervisor Robert Bates because, "Mr. Perry called in sick, he has no sick leave balance and was charged leave without pay. (**January 24, 2003 Warning Notice**).

32. On January 27, 2003, Plaintiff was issued a Warning Notice by his Supervisor Robert Bates. Bates wrote, "Mr. Perry has called in and has no sick time. Failed to produce a doctor's note and has been charged with leave without pay. (**January 27, 2003 Warning Notice**).

33. On January 30, 2003, Mr. Perry was sent a letter by Deputy Commissioner Warren Matthews for Commissioner Joseph Stout. The letter stated, "due to your abuse of sick leave, you are required to provide medical substantiation for any absence due to illness...Failure to provide medical documentation for absences from work due to illness or

inappropriate use of time will result in docking of pay for the unauthorized leave." **(Correspondence dated January 30, 2003 to Plaintiff).**

34. On May 2, 2003, Plaintiff sustained an injury to his lower back while moving concrete parking bumper logs as part of his work. **(Employee Injury and Illness Incident Report).**

35. Plaintiff did not report his injury until Monday, May 5, 2003. **(Employee Injury and Illness Incident Report, Perry deposition at p. 99).**

36. On May 5, 2003, Plaintiff was issued a Warning Notice by his Supervisor Robert Bates for inappropriate conduct and insubordination. **(May 5, 2003 Warning Notice with accompanying Memorandum from Robert Bates).**

37. Plaintiff was issued Warning Notices on May 8 and May 9, 2003 because he did not report to work and did not call in. **(May 8, 9, 2003 Warning Notices).**

38. Plaintiff has not worked since May 5, 2003. **(Perry Deposition at p. 6).**

39. Plaintiff receives benefits from Workers' Compensation, Social Security Disability and New York State and Local Retirement System. **(Perry Deposition at p. 7).**

40. On or about August 11, 2003, the Plaintiff filed a charge of discrimination with the New York State Division of Human Rights. **(August 11, 2003 Discrimination Complaint).**

41. The County served its response to Plaintiff's complaint on or about September 24, 2003. **(County of Westchester's response to Plaintiff's complaint).**

42.     On September 28, 2005, the State Division of Human Rights issued its Determination and Order. The SDHR, "determined that there is no probable cause to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of." **(Determination of State Division of Human Rights)**.

43.     On January 17, 2006, the EEOC issued a Dismissal and Notice of Rights letter to the Plaintiff. **(January 17, 2006 Dismissal and Notice of Rights Letter)**.

44.     By correspondence dated September 1, 2004 from Commissioner Joseph Stout, Plaintiff was notified that, "pursuant to Section 71 of the Civil Service Law, your Workers' Compensation leave will end, and your employment will terminate on October 28, 2004 due to the completion of one cumulative year of sick injury leave." **(September 1, 2004 correspondence)**.

45.     By correspondence dated October 29, 2004 from Commissioner Joseph Stout, Plaintiff was notified that his employment "ended effective close of business on October 28, 2004..." **(October 29, 2004 correspondence)**.

46.     As of Plaintiff's last date of employment, Plaintiff was employed as a Housekeeper, Grade VII Step 5. His annual salary was $43,345. **(Employee Pay Rate History)**.

47.     On July 9, 2001, Jason Aubry started work on a temporary basis as a Maintenance Laborer (Utility), Grade IV where he was assigned to the Bronx River Parkway Reservation under the supervision of Robert Bates. **(Correspondence dated June 21, 2001**

to Jason Aubry).

48. On August 13, 2003, November 10, 2003, and February 19, 2004, Jason Aubry was advised that because of abuse of time and absence from work, he was being denied salary increments. (**Correspondence dated August 13, 2003, November 10, 2003 and February 19, 2004**).

49. On November 10, 2003, Jason Aubry received a Warning Notice from his Supervisor Robert Bates. Mr. Bates wrote, "Jason has been absence numerous times, calling in at inappropriate times and numerous excuses. Staff has been advised to call between 7:45-8:00 am." (**November 10, 2003 Warning Notice**).

50. On February 2, 2004, Jason Aubry was advised by Commissioner Joseph Stout that his request for an unpaid leave of absence was denied. Commissioner Stout wrote, "in 2003, you were out of work for 134 days, utilizing all your accumulated leave time and placed on leave without pay. In 2004, you have been out of work from January 1st to date. Accordingly, based on your continued abuse of time, this request has been denied." (**Correspondence dated February 2, 2004**).

51. On April 15, 2004, an Amended Notice of Charges was served upon Jason Aubry detailing 169 specifications relating to Jason Aubry's absence from work between January 16, 2003 and April 15, 2004. (**Amended Notice of Charges**).

52. On July 8, 2004, Jason Aubry resigned from his position with the County of Westchester. **(Letter of Resignation)**.

Dated:  White Plains, New York
        February 26, 2007

                                        Respectfully submitted,

                            by:         _____
                                        Stuart E. Kahan      (SK-7767)
                                        Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP
                                        *Of Counsel to Westchester County Attorney Charlene
                                        Indelicato  Attorneys for defendant*
                                        County of Westchester
                                        120 Bloomingdale Road
                                        White Plains, New York 10605
                                        (914) 422-3900

TO:   Pamela D. Hayes, Esq.
      Attorney for plaintiff
      200 West 57th Street - Ste. 900
      New York, New York 10019
      (212) 687-8724

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

      PAULA CHABLAL, being duly sworn, deposes and says: I am not a party to this action; I am over 18 years of age and I reside in Westchester, New York.

      On Monday, February 26, 2007, I served the within **STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1(a)** upon:

Pamela D. Hayes, Esq.
200 West 57th Street - Ste. 900
New York, New York 10019

by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The delivery service used was **Federal Express**.

                                             *Paula Chablal*

Sworn to before me this
26TH day of February, 2007

*Notary Public*

GREGORY J. SPAUN
NOTARY PUBLIC, State of New York
No. 02SP6054146
Qualified in Westchester County
Commission Expires 1/29/2011